UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| John DeFranza,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Credit Systems, L.P.; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.: _____ |

# COMPLAINT

Plaintiff, John DeFranza, says by way of Complaint against Defendant, Southwest Credit Systems, L.P., as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, John DeFranza ("Plaintiff"), is an adult individual residing in Mount Laurel, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Southwest Credit Systems, L.P. ("Southwest"), is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Southwest and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Southwest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $223 (the "Debt") to an original creditor ("Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Southwest for collection, or Southwest was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Southwest Engages in Harassment and Abusive Tactics

12. Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13. On or about May 2015 Southwest began placing calls to Plaintiff's cellular telephone, 609-XXX-9628 and residential telephone, 856-XXX-6730.

14. Southwest repeatedly called Plaintiff on Saturdays and Sundays in an attempt to collect the Debt.

15. When Plaintiff answered Southwest's weekend calls to him, an automated recording prompted Plaintiff to place a return call to Southwest. However, whenever Plaintiff attempted to return Southwest's calls to him, he received an automated recording from Southwest stating that it is closed on Saturday and Sunday.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

26. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy.  Thus, the Defendant violated New Jersey state law.

27. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

28. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

29.     As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

30.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Liquidated damages;
5. Punitive damages; and
6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 22, 2015

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897

5

Phone: (917) 981-0849
Fax:    (888) 953-6237